IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYA S. TUCKER, EL, <br><br> Plaintiff, <br><br> v. <br><br> JAMES C. SEDLAK, TURTLE CREEK POLICE DEPT., <br><br> Defendants. | 2:24-CV-00303-CCW |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss filed by Defendants James C. Sedlak and the Turtle Creek Police Department. ECF No. 4. For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion to Dismiss.

**I.   Background**

This case arises from an interaction between Plaintiff Raya Sun Tucker EL and Defendant James Sedlak, who is a police officer with Defendant Turtle Creek Police Department. The relevant factual allegations, taken as true, are as follows.[1]

On August 24, 2022, Officer Sedlak was assisting a male with removing his belongings from his ex-girlfriend's vehicle. ECF No. 1, Ex. A at 10. Officer Sedlak then observed Mr. Tucker exit a nearby courthouse while yelling obscenities and causing a public disturbance. *Id.* Mr.

---

[1] When ruling on a motion to dismiss, courts generally "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But a court may consider an extraneous document where "it is 'integral to or explicitly relied upon in the complaint.'" *Lepore v. SelectQupte Ins. Servs., Inc.*, No. 22-3390, 2023 WL 8469761, at *2 (3d Cir. Dec. 7, 2023) (citing *In re Burlington*, 114 F.3d at 1426). Here, in his Complaint, Mr. Tucker has included Officer Sedlak's state criminal complaint and supporting affidavit. ECF No. 1, Ex. A at 7–11. The Court finds that this document is integral to the Complaint because Mr. Tucker's claims depend on this document, and he explicitly references the document in his Complaint. ECF No. 1, Ex. A at 5, 6. Further, Defendants also rely on, and cite to, this document in their Motion to Dismiss. ECF No. 5 at 2, n.2. Accordingly, the Court will consider Officer Sedlak's state criminal complaint and affidavit in its analysis and cite to it for the relevant factual allegations.

Tucker pointed toward Officer Sedlak and yelled obscenities at him, causing him to become distracted from his job.  *Id.*  Officer Sedlak ordered Mr. Tucker to stop yelling several times.  *Id.*  When Mr. Tucker failed to stop, Officer Sedlak approached him, again ordering him to stop yelling and to leave the area.  *Id.*   When Mr. Tucker continued to yell and use obscenities, Officer Sedlak attempted to grab Mr. Tucker's right wrist to take him into custody.  *Id.*  Mr. Tucker, however, pulled away from Officer Sedlak's grasp.  *Id.*  Officer Sedlak then drew his taser, aimed it at Mr. Tucker's chest, and "pulled the taser cartridge off and placed [it] on [Mr. Tucker's] stomach."  *Id.*  Officer Sedlak, however, did not actually tase Mr. Tucker.  *Id.*  Mr. Tucker then hid behind a car and threatened to sue Officer Sedlak.  *Id.*   During this interaction, an attorney, Todd Hollis, approached Officer Sedlak and Mr. Tucker, stating "don't tase that man."  *Id.*  Mr. Hollis then instructed Mr. Tucker to leave the area, which he did—but only after viewing Officer Sedlak's name badge on his vest.  *Id.*  Mr. Hollis and Officer Sedlak had a short conversation, after which Officer Sedlak finished assisting the male with retrieving his belongings.  *Id.*  As Officer Sedlak was finishing, Mr. Tucker returned, holding a cellphone that was allegedly recording Officer Sedlak.  *Id.*  Officer Sedlak said nothing to Mr. Tucker, entered his patrol car, and drove away.  *Id.*

On August 26, 2022, Officer Sedlak filed a state criminal complaint against Mr. Tucker, recommending that a summons be issued for disorderly conduct.  *Id.* at 8–10.  The summons was issued, but on January 19, 2023, the charges were "dismissed due to witnesses' failure to appear pursuant to PA. Rules of Criminal Procedure 462(C)."[2]  *Id.* at 7.  On February 5, 2024, Mr. Tucker filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania against Officer Sedlak and the Turtle Creek Police Department, citing several federal civil and criminal statutes.  ECF

---

[2] The complaint does not indicate who the witness or witnesses were who failed to appear.  *See generally* ECF No. 1, Ex. A.

No. 1, Ex. A.  On March 6, 2024, Defendants removed the action to federal court.  ECF No. 1.  They now move to dismiss.  ECF No. 4.

**II.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even

after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

### III. Legal Analysis

In his Complaint, Mr. Tucker states that "Defendants assaulted and aggrevated [sic] plaintiff by grabbing his arm and applying his weapon to the body of plaintiff. Unwarrented [sic], malicous [sic] prosecution. Lying under oath, Retaliation under Color of Law." *Id.* at 5. Mr. Tucker attaches Officer Sedlak's state criminal complaint, containing Officer Sedlak's affidavit of probable cause regarding the August 24, 2022 interaction with Mr. Tucker. *Id.* He also cites multiple statutes, without further explanation: 42 U.S.C. § 1983; 25 C.F.R. § 11.402; 18 U.S.C. §§ 241, 242, 248; and 28 U.S.C. § 453. *Id.*

In seeking to dismiss these claims, Defendants allege that Mr. Tucker "has failed to sufficiently plead a legal and factual basis for his claims." ECF No. 4 at 4. Mr. Tucker responds that he has pled "factual content that allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged in the complaint." ECF No. 7 at 2. Mr. Tucker's complaint is not a model of clarity, but the Court will address each potential claim below.

### A. Mr. Tucker Cannot Bring a Claim for Violation of the Code of Federal Regulations.

In his Complaint, Mr. Tucker cites to § 11.402 in the Code of Federal Regulations, which prohibits certain terroristic threats. "A regulation by itself does not provide a private right of action allowing individual citizens to sue." *Buckley v. T-Mobile, USA Inc.*, No. 24-4229, 2024 WL 4008751, at *3 (E.D. Pa. Aug. 29, 2024). Indeed, "a regulation can[not] conjure up a private cause

of action that has not been authorized by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).  Because § 11.402 does not provide for a private right of action, Mr. Tucker cannot bring a claim for an asserted violation of that provision.  Further, because amendment would be futile, the dismissal of this claim will be with prejudice.  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

B. **Mr. Tucker Cannot Bring a Claim for Violation of Certain Criminal Statutes.**

In his Complaint, Mr. Tucker also cites to several criminal statutes without any analysis, including 18 U.S.C. §§ 241, 242, and 248, which criminalize the deprivation of certain civil rights.  Two of these statutes contain no private right of action, *see* §§ 241 and 242, and thus are not enforceable in a civil action such as Mr. Tucker's.  *Martinez v. Colville*, No. 24-1935, 2024 WL 4234628, at *1 n.3 (3d Cir. Sept. 19, 2024) (citing *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994)) (explaining that a private right of action cannot be inferred from a bare federal criminal statute); *see also Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 159, n.3 (3d Cir. 2017) (finding no private right of action under 18 U.S.C. §§ 241, 242).  Accordingly, because §§ 241 and 242 contain no private right of action, these claims will be dismissed.  Further, because amendment would be futile, their dismissal will be with prejudice.  *See Shane*, 213 F.3d at 115.

The only criminal statute with a private right of action that Mr. Tucker cites is § 248.  Section 248 establishes criminal and civil liability, in certain circumstances, for obstructing access to reproductive clinics or places of worship.  Although § 248(c) provides for civil remedies, Mr. Tucker has failed to state a claim for relief because he has alleged no facts showing that "by force or threat of force or by physical obstruction" Defendants have interfered with his ability to access

reproductive clinics or places of worship. § 248(a); *see generally* ECF No. 1, Ex. A. Indeed, nowhere in the Complaint does Mr. Tucker mention a reproductive clinic or place of worship. *Id.* And his passing reference to the statute itself "will not suffice to bring that issue before this court." *Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018). Accordingly, the Court will dismiss the § 248 claim and grant Mr. Tucker leave to amend only the civil remedy part of his claim.

   **C.**  **Mr. Tucker has Failed to State a Claim regarding Lying Under Oath.**

In his Complaint, Mr. Tucker appears to bring claims regarding "lying under oath," citing 28 U.S.C. § 453, which requires oath taking for federal justices and judges. Section 453, however, provides no private right of action, and Defendants are not bound by this statute as they are not federal judges or justices. *Corbin v. James*, No. 22-CV-4212, 2022 WL 17995548, at *3 n.8 (E.D. Pa. Dec. 29, 2022) (dismissing claims under § 453 because defendants were not federal judges and because the statute does not create a substantive cause of action). Accordingly, Mr. Tucker's claims under § 453 will be dismissed with prejudice.

Further, to the extent Mr. Tucker seeks to bring a claim for "lying under oath," pursuant to a provision of law other than § 453, he has not specified any such provision. *See generally* ECF No. 1, Ex. A. He includes no facts in his Complaint regarding who he believes lied under oath and in what context they did so. *Id.* Further, the underlying state criminal complaint against Mr. Tucker appears to have been dismissed due to the failure of a witness to appear, so it is not clear to the Court that anyone even testified at that hearing. *Id.* Accordingly, because Mr. Tucker has failed to plead facts with the requisite specificity regarding lying under oath, this claim will be dismissed. To the extent Mr. Tucker is bringing a claim regarding lying under oath apart from a § 453 claim, he will be granted leave to amend only as to the non-§ 453 component of that claim.

### D. Mr. Tucker has Failed to State a § 1983 Claim.

Mr. Tucker's Complaint also appears to assert a malicious prosecution claim and a retaliation claim under 42 U.S.C. § 1983. *See* ECF No. 1, Ex. A at 5 (stating without explanation "Unwarrented [sic], malicous [sic] prosecution . . . Retaliation under Color of Law . . . 42 U.S.C. § 1983."). To state a § 1983 claim, a plaintiff must allege that (1) he was deprived of a federal constitutional or statutory right (2) by a state actor. *Dec v. Cnty. of Butler*, No. 24-1165, 2024 WL 3342436, at *2 (3d Cir. July 9, 2024) (citing *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). As discussed below, the Court finds that Mr. Tucker has failed to state a § 1983 claim for malicious prosecution and retaliation.[3]

#### 1. The § 1983 Malicious Prosecution Claim.

To state a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant initiated a criminal proceeding; (2) without probable cause; (3) for a malicious purpose or a purpose other than bringing the plaintiff to justice; and (4) the proceeding ended in plaintiff's favor; (5) causing him to suffer "a deprivation of liberty consistent with the concept of seizure." *Shelley v. Wilson*, 152 F. App'x. 126, 128 (3d Cir. 2005). Here, Mr. Tucker has failed to state a malicious prosecution claim. While he asserts that his "primary case" is one of malicious prosecution, the only mention of it in his Complaint is a conclusory statement of "unwarrented [sic], malicous [sic] prosecution." ECF No. 1, Ex. A at 5, 14. And such conclusory allegations are insufficient. *Chetty Holdings Inc. v. NorthMarq Capital, LLC*, 556 F. App'x 118, 121 (3d Cir.

---

[3] To the extent Mr. Tucker attempts to state a § 1983 claim apart from malicious prosecution or retaliation, he has failed to do so. The Complaint merely cites to the § 1983 statute itself; it does not allege any other specific constitutional violation. Such a passing reference to the statute is insufficient to raise a claim before this Court. *Cox*, 902 F.3d at 355 ("It is well settled that a passing reference to an issue will not suffice to bring that issue before this court.") (cleaned up). Similarly, Mr. Tucker mentions "assault" in his Complaint, but does not allege that this conduct violated § 1983 or any state law. Therefore, he has also failed to state a claim for assault. Mr. Tucker, however, will be granted leave to amend his Complaint to attempt to state any additional 1983 claims or a claim for assault.

2014) (explaining that conclusory or bare bones allegations without factual support are insufficient to survive a motion to dismiss).

Further, the remaining facts in Mr. Tucker's Complaint fail to establish the elements of a malicious prosecution claim. For example, Mr. Tucker makes no factual allegations asserting that Defendants lacked probable cause in issuing his criminal complaint and summons or that they did so with a malicious purpose. Additionally, he fails to allege a deprivation of liberty consistent with seizure as he does not show that his freedom of movement was constitutionally restricted. *See Schneyder v. Smith*, 653 F.3d 313, 321–22 (3d Cir. 2011) (explaining that a deprivation of liberty consistent with seizure occurs when "the state places constitutionally significant restrictions on a person's freedom of movement for the purpose of obtaining his presence at a judicial proceeding."). Based on Mr. Tucker's Complaint, Defendants only issued him a summons, but he was never arrested, never had to post bail, and never had to report to Pretrial Services. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) (affirming no seizure occurred where plaintiffs were "only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services."). Finally, Mr. Tucker has not alleged that the underlying proceedings terminated in his favor. *See Allen v. N.J. State Police*, 974 F.3d 497, 502 (3d Cir. 2020) (explaining that this element "is only satisfied if the criminal case was 'disposed of in a way that indicates the innocence of the accused.'" (citation omitted)). Here, the criminal complaint was apparently dismissed due to the failure of a witness to appear in court, *see* ECF No. 1, Ex. A at 7, not due to a determination that Mr. Tucker was innocent of the charges, *see, e.g.*, *Allen*, 974 F.3d at 503 (listing examples of favorable terminations, including acquittal, quashing of an indictment, a final judicial order in favor of the accused, and the refusal of a grand jury to indict). Therefore, Mr. Tucker has failed to state a malicious prosecution claim.

8

Accordingly, because Mr. Tucker has failed to allege facts sufficient to state a malicious prosecution claim, the Court will dismiss this claim without prejudice. The court will, however, grant Mr. Tucker leave to amend. *See Shane*, 213 F.3d at 116 ("[W]hen an individual has filed a complaint under § 1983 which is dissmissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect…").

### 2. The § 1983 Retaliation Claim.

To state a § 1983 retaliation claim, a plaintiff must allege that: (1) he engaged in constitutionally protected conduct; (2) the defendant took action sufficient to deter an ordinary person from engaging in such conduct; and (3) there is a causal connection between the two. *Jacobs v. City of Phila.*, 836 F. App'x 120, 121 (3d Cir. 2020). And where the retaliation "takes the form of criminal charges, causation requires a showing that the charges were not supported by probable cause." *Id.* Here, Mr. Tucker has failed to state a § 1983 retaliation claim. As with his malicious prosecution claim, Mr. Tucker merely makes a conclusory statement regarding retaliation, that is insufficient to state a claim. ECF No. 1, Ex. A at 5 (stating "retaliation under Color of Law.").

Further, the facts Mr. Tucker does allege fail to plead all three elements of a § 1983 retaliation claim. First, he does not specify what constitutionally protected conduct, if any, he engaged in. And while he does not clearly identify an adverse action by Defendants, the Court, in liberally construing the Complaint, determines that Mr. Tucker is asserting that the filing of criminal charges against him constituted an adverse action. But because Mr. Tucker is asserting that the filing of criminal charges constituted retaliation, he must also plead that Defendants lacked probable cause. And as noted above, Mr. Tucker has failed to plead facts sufficient to show this. *See* Part III.D.1. Therefore, Mr. Tucker has failed to state a § 1983 retaliation claim, and the Court

9

will dismiss this claim without prejudice. It will, however, provide Mr. Tucker with leave to amend. *See Shane*, 213 F.3d at 116.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED such that Mr. Tucker's Complaint is DISMISSED. Further, Mr. Tucker's claims under 25 C.F.R. § 11.402; 18 U.S.C. §§ 241, 242; and 28 U.S.C. § 453 are DISMISSED WITH PREJUDICE. Mr. Tucker, however, is given leave to amend his malicious prosecution claim, retaliation claim, any other § 1983 claim, an assault claim, a claim under § 248(c), and any claims regarding lying under oath that are not under § 453. His amended complaint, if any, is due on or before October 25, 2024. If no amended complaint is filed, the dismissals without prejudice will be converted to dismissals with prejudice without further action of Court.

DATED this 7th day of October, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record