IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYA S. TUCKER, EL,<br><br>Plaintiff,<br><br>v.<br><br>JAMES C. SEDLAK, TURTLE CREEK POLICE DEPT.,<br><br>Defendants. | 2:24-CV-00303-CCW |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants James C. Sedlak and the Turtle Creek Police Department. ECF No. 15. For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss.

**I.    Background**

While the Court recounts the relevant factual allegations, which are taken as true, the Amended Complaint contains sparse information and lacks detail.

This case arises from an incident that occurred on August 24, 2022 between pro se Plaintiff Raya Sun Tucker EL and Defendant James Sedlak, who is a police officer with Defendant Turtle Creek Police Department. On August 24, 2022, Officer Sedlak addressed Mr. Tucker in the Penn Plaza parking lot in Turtle Creek. ECF No. 13 at 1. Another individual, Todd Hollis, was in the area at the time and "witnessed Officer Sedlak divert his attention away from his duties as a police officer with a prisoner in custody and improperly engage[] with [Mr. Tucker]." *Id.* Officer Sedlak then "escalated the situation by using a taser" on Mr. Tucker. *Id.* Furthermore, Officer Sedlak, "while under oath, provided false testimony both in his official police report and during trial proceedings." *Id.*

Following this encounter, on February 5, 2024, Mr. Tucker filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania against Officer Sedlak and the Turtle Creek Police Department, citing several federal civil and criminal statutes. ECF No. 1, Ex. A. On March 6, 2024, Defendants removed the action to federal court. ECF No. 1. After Defendants moved to dismiss, ECF No. 4, the Court granted their motion and dismissed Mr. Tucker's original complaint, ECF No. 12. Specifically, the Court dismissed with prejudice Mr. Tucker's claims under 25 C.F.R. § 11.402; 18 U.S.C. §§ 241, 242; and 28 U.S.C. § 453. ECF No. 12 at 10. The Court did, however, grant him leave to amend several other claims, including any § 1983 claim, an assault claim, and any claim for lying under oath that is not under § 453. *Id.* Mr. Tucker filed an Amended Complaint, ECF No. 13, which Defendants again moved to dismiss. ECF No. 15. Briefing is now complete, and Defendants' Motion to Dismiss is ripe for resolution. ECF Nos. 15, 16, 18, 19.

**II.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks

2

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

**III.   Legal Analysis**

In his Amended Complaint, Mr. Tucker re-alleges several claims that he initially brought in his original complaint, including claims under 28 U.S.C. § 453, 18 U.S.C. §§ 241 and 242, and 25 C.F.R. § 11.402. ECF No. 13 at 3. He also appears to bring claims for lying under oath, excessive use of force, and municipal liability, although he does not state under what legal provision he is bringing these claims. *Id.* In seeking to dismiss them, Defendants allege that Mr. Tucker's Amended Complaint "fails to correct the pleading deficiencies" identified in his original complaint as his "allegations constitute mere conclusions and utterly fail to set forth any facts to

further explain the grounds for Plaintiff's cause of action." ECF No. 16 at 4. Defendants also note that Mr. Tucker has re-alleged claims which the Court previously dismissed with prejudice, and thus they seek to have those claims dismissed again. *Id.* at 3. The Court will address each of Mr. Tucker's claims below.

    **A.    Mr. Tucker has Failed to State a Claim for Lying Under Oath.**

In his Amended Complaint, Mr. Tucker appears to re-assert a claim for lying under oath, alleging that "Officer James C. Sedlak, while under oath, provided false testimony both in his official police report and during trial proceedings." ECF No. 13 at 1. Defendants seek to dismiss this claim indicating that Mr. Tucker failed "to correct any of the deficiencies identified by the Court in its prior Opinion and Order." ECF No. 16 at 5–6. The Court agrees with Defendants.

The Court previously dismissed Mr. Tucker's lying under oath claim because he did not specify under what legal provision he was bringing his claim, who lied under oath, and in what context they did so. ECF No. 12 at 6. The Court, however, permitted Mr. Tucker an opportunity to amend this claim. But Mr. Tucker has not adequately remedied these deficiencies. Although he now asserts that it was Officer Sedlak who allegedly lied under oath, he does not state under what provision he is bringing this claim,[1] what the false statements were, or in what context they occurred. *See generally* ECF No. 13. And while Mr. Tucker does mention Officer Sedlak's police report and trial proceedings, he provides no details or factual allegations regarding the contents of the report, the statements made at trial, or what events formed the basis for the police report and trial. *Id.* Accordingly, because Mr. Tucker has failed to plead facts with the requisite specificity, this claim will be dismissed. Furthermore, the dismissal will be with prejudice because Mr. Tucker has previously been granted an opportunity to amend this claim but failed to remedy the

---

[1] In his Amended Complaint, Mr. Tucker does cite to 28 U.S.C. § 453, which requires oath taking for federal justices and judges. As discussed below, the Court has already dismissed with prejudice any claim under § 453.

deficiencies. *See United States v. Eastwick College*, 657 F. App'x 89, 97 (3d Cir. 2016) ("[A] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").

> **B.     Mr. Tucker has Failed to State an Excessive Force Claim.**

In his Amended Complaint, Mr. Tucker appears to bring an excessive force claim, alleging that "Officer Sedlak escalated the situation by using a taser on the Plaintiff." ECF No. 13 at 1. Defendants seek to dismiss this claim, asserting that Mr. Tucker has not alleged sufficient facts to state a claim as he "has not alleged facts regarding his own conduct, Defendant Sedlak's conduct, the context, circumstances, and conditions of the underlying encounter." ECF No. 16 at 5.

To state an excessive force claim under 42 U.S.C. § 1983,[2] "a complainant must, among other things, allege that the force used was unreasonable." *Rodriguez v. Trenton Police Dep't*, 828 F. App'x 851, 852 (3d Cir. 2020) (citing *Brower v. Inyo Cnty.*, 489 U.S. 593, 599 (1989)). And "to determine whether an officer's use of force was unreasonable, a court must consider all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force." *Id.* (cleaned up).

Here, Mr. Tucker has not alleged that the use of the taser was unreasonable. In his Amended Complaint, he summarily states that Officer Sedlak "use[d] a taser" on him, but he does not provide any facts or describe the circumstances leading up to Officer Sedlak's use of the taser nor does he explain why the use of the taser was unreasonable. *See Rodriguez*, 828 F. App'x at 852 (affirming dismissal of complaint where plaintiff "provided scant details," did not "describe

---

[2] It is not clear under what legal statute Mr. Tucker is bringing his excessive force claim. Although he cites to 25 C.F.R. § 11.402, the Court has already dismissed with prejudice this claim. *See* ECF No. 12. Furthermore, to the extent Mr. Tucker is alleging an excessive force claim under a Pennsylvania state statute, he has not identified any such statute. And although Mr. Tucker does not explicitly mention § 1983, he does allege constitutional violations, so, out of an abundance of caution, the Court will consider an excessive force claim pursuant to § 1983.

5

the officers' actions or her actions," and there was no indication that the force used was unreasonable under the circumstances). Therefore, given the factual deficiencies in Mr. Tucker's Amended Complaint, and his failure to identify a legal statute or provision for his excessive force claim, the Court finds that he has failed to state such a claim. Accordingly, the Court will dismiss this claim. Because, however, this is Mr. Tucker's first time raising this civil rights claim, the Court will grant him leave to amend. *See Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (explaining that courts should permit a curative amendment in the civil rights context unless such an amendment would be inequitable or futile).

### C.     Mr. Tucker has Failed to State a *Monell* Claim.

In his Amended Complaint, Mr. Tucker, for the first time, brings a *Monell* claim against Defendant Turtle Creek Police Department. ECF No. 13 at 3. He asserts that the Department is liable "for maintaining policies or customs that led to the violation of Plaintiff's constitutional rights" and for "fail[ing] to properly train and supervise its officers, leading to the use of excessive force and constitutional violations." *Id.* Mr. Tucker then conclusorily states that "[t]hese allegations meet the standard for municipal liability." *Id.* Defendants do not address this claim in their briefing. ECF No. 16.

Under *Monell*, "a municipality can be held liable [for constitutional violations] when the 'execution of a government's policy or custom. . . inflicts the injury.'" *Bhatnagar v. Meyer*, No. 22-2848, 2023 WL 5378834, at *3 (3d Cir. Aug. 22, 2023) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)). To sufficiently state a *Monell* claim, a plaintiff must identify "the constitutional right at issue, identify the policy or custom at issue, identify the policymaker, demonstrate deliberate indifference or evidence of knowledge and acquiescence by the policymaker[,] and demonstrate causation.'" *Long v. City of Phila.*, No. 15-00202, 2016 WL

192605, at *3 (E.D. Pa. Jan. 15, 2016) (quoting *Glass v. City of Phila.*, 455 F. Supp. 2d 302, 342 (E.D. Pa. 2006)). *Monell* claims, therefore, are based on an underlying constitutional violation; and where a plaintiff has no such claims remaining before the court, the *Monell* claims must also fail. *Bhatnagar*, 2023 WL 5378834, at *3; *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986). Here, Mr. Tucker's *Monell* claim fails because he has no remaining constitutional claims in the case. Furthermore, Mr. Tucker merely makes conclusory legal arguments but does not allege facts with the requisite specificity to state a *Monell* claim. Accordingly, for both these reasons, the Court will dismiss Mr. Tucker's *Monell* claim. The Court will, however, provide him an opportunity to amend his complaint with respect to this claim. *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) ("[W]hen an individual has filed a complaint under § 1983 which is dissmissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect…").

### D. The Court Will Dismiss Mr. Tucker's Remaining Claims.

In his Amended Complaint, Mr. Tucker also alleges violations of 25 CFR 11.402; 18 U.S.C. §§ 241, 242; and 28 U.S.C. § 453. ECF No. 13. The Court, however, has previously dismissed these claims with prejudice. ECF No. 12 at 4–6 (granting Defendants' motion to dismiss and dismissing with prejudice these claims). Accordingly, Mr. Tucker may not reallege them now.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, ECF No. 15, is GRANTED, and Mr. Tucker's Amended Complaint is DISMISSED.

IT IS FURTHER ORDERED that Mr. Tucker's claims under 25 C.F.R. § 11.402; 18 U.S.C. §§ 241, 242; and 28 U.S.C. § 453, as well as any claim for lying under oath, are DISMISSED WITH PREJUDICE, and Mr. Tucker's excessive force claim and *Monell* claim are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Mr. Tucker is given leave to amend his excessive force claim and his *Monell* claim. He may not, however, add any additional claims or attempt to re-assert other claims that the Court has previously dismissed with prejudice. His amended complaint, if any, is due on or before May 7, 2025. If no amended complaint is filed, the dismissals without prejudice will be converted to dismissals with prejudice without further action of Court. Mr. Tucker is advised that this is his last opportunity to amend.

DATED this 16th day of April, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail):

Raya S. Tucker, EL
4636 Lebanon Pike
Hermitage, TN 37076
Pro Se Plaintiff