IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYA S. TUCKER, EL,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES C. SEDLAK, TURTLE CREEK POLICE DEPT.,<br><br>    Defendants. | 2:24-CV-00303-CCW |

**OPINION AND ORDER**

Before the Court is a Partial Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants James C. Sedlak and the Turtle Creek Police Department. ECF No. 30. For the reasons set forth below, the Court will grant Defendants' Motion.

**I.   Background**

This case arises from an incident that occurred on August 24, 2022 between pro se Plaintiff Raya Sun Tucker EL and Defendant James Sedlak, who is a police officer with Defendant Turtle Creek Police Department. The relevant factual allegations, taken as true, are as follows.

On August 24, 2022, Mr. Tucker went to the office of his attorney, Todd Hollis. ECF No. 29 at 3.[1] He then went to the office of Magistrate Judge Scott Schricker to "address concerns pertaining to false charges that had been filed against him." *Id.* Mr. Tucker "had a heated verbal exchange" with the magistrate judge, which Officer Sedlak witnessed. *Id.* After the exchange, Mr. Tucker stepped outside and "encountered an inmate, to whom [Mr. Tucker] attempted to advise regarding his constitutional rights." *Id.* Then, Officer Sedlak "approached [Mr. Tucker] in

---

[1] The Court cites to page numbers in the Second Amended Complaint for clarity rather than specific paragraph numbers because there are inconsistencies in how the paragraphs are numbered.

a hostile and aggressive manner." *Id.* He placed his taser against Mr. Tucker's stomach, grabbed Mr. Tucker's right arm, and slammed him face first against a wall. *Id.* at 3–4. Mr. Hollis witnessed the incident and shouted, "Don't tase that man, leave him alone, he did nothing wrong." *Id.* at 4. Mr. Tucker then went to the hospital for back and shoulder pain. *Id.*

On February 5, 2024, Mr. Tucker filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania against Officer Sedlak and the Turtle Creek Police Department, citing several federal civil and criminal statutes. ECF No. 1-2. On March 6, 2024, Defendants removed the action to federal court. ECF No. 1. After Defendants moved to dismiss, ECF No. 4, the Court granted their motion and dismissed Mr. Tucker's original complaint, ECF No. 12. The Court granted Mr. Tucker leave to amend his claims, and on October 22, 2024, Mr. Tucker filed his amended complaint. ECF No. 13. Defendants again moved to dismiss, and the Court granted their motion. ECF Nos. 15, 27. The Court then granted Mr. Tucker one last opportunity to amend, and on May 6, 2025, Mr. Tucker filed his Second Amended Complaint ("SAC"), raising several claims under 42 U.S.C. § 1983. ECF No. 29. On May 20, 2025, Defendants filed a Partial Motion to Dismiss. ECF No. 30. Briefing is now complete, and Defendants' Motion is ripe for resolution.[2] ECF Nos. 30, 31, 33, 34, 36.[3]

## II.   Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty.*

---

[2] The Court has jurisdiction over the 42 U.S.C. § 1983 claims, which raise federal questions, under 28 U.S.C. § 1331.

[3] In addition to a response in opposition to the Motion to Dismiss, ECF No. 33, Mr. Tucker filed a Motion for Leave to File a Sur-Reply as well as a "Memorandum of Law" in support of that Motion. ECF Nos. 35, 36. The Court construes Mr. Tucker's Memorandum of Law as his proposed sur-reply and considers it below accordingly.

*of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").  And when resolving a pro se plaintiff's motion, courts "liberally construe pro se

3

filings with an eye toward their substance rather than their form." See *United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010).

### III.     Legal Analysis

In his SAC, Mr. Tucker brings claims for excessive use of force (Count I), *Monell* liability (Count II), false arrest (Count III), malicious prosecution (Count IV), conspiracy (Count V), and retaliation (Count VI), all in violation of 42 U.S.C. § 1983. ECF No. 29. Defendants move to dismiss the *Monell* claim, arguing that Mr. Tucker has failed to adequately allege that Turtle Creek Police Department either had a policy or custom that violated his constitutional rights or that they failed to train their employees such that it caused his injuries. ECF Nos. 30, 31. Defendants also seek to dismiss the false arrest, malicious prosecution, conspiracy, and retaliation claims because the Court previously dismissed some of those claims and did not permit Mr. Tucker leave to amend or re-assert those claims. ECF No. 31. Defendants do not seek to dismiss Mr. Tucker's excessive force claim (Count I). *Id.*

#### A.     Mr. Tucker has Failed to State a *Monell* Claim.

In his SAC, Mr. Tucker asserts a *Monell* claim under § 1983 against the Department for "a custom or practice of tolerating or ratifying the use of excessive force" and for the "failure to adequately train police officers." ECF No. 29 at 7–9. Defendants respond that Mr. Tucker failed to identify a specific policy or custom of the Department that caused his injury, a pattern of violations that would put the Department on notice that it was inadequately training its officers, or a training deficiency that was closely related to his injury. ECF Nos. 31 at 6–7; 34 at 4–5.

Section 1983 establishes a statutory cause of action to vindicate constitutional violations. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must plead that he was "deprived of a federal constitutional or statutory right by a state actor." *Coulter v. Coulter*, No. 23-2222, 2024

WL 163081, at *1 (3d Cir. Jan. 16, 2024); *see Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting 42 U.S.C. § 1983).  While "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), it "can be held liable [for constitutional violations] when the 'execution of a government's policy or custom . . . inflicts the injury.'" *Bhatnagar v. Meyer*, No. 22-2848, 2023 WL 5378834, at *3 (3d Cir. Aug. 22, 2023) (citing *Monell*, 436 U.S. at 694).  Therefore, to state a *Monell* claim, a plaintiff must allege that his "harm was caused by a constitutional violation" and that "the municipality is responsible for that violation." *Id.* at *3.  A plaintiff may allege that the municipality is responsible because it implemented an unconstitutional policy, custom, or practice or because it failed to train or supervise its employees. *See Est. of Kamal by & through Kamal v. Twp. of Irvington*, 790 F. App'x 395, 398 (3d Cir. 2019).

Where a plaintiff alleges a failure-to-train claim, he must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).  Such claims are "difficult" to establish. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A [local government's] 'culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'"); *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) ("Establishing municipal liability on a failure to train claim under § 1983 is difficult.").

Generally, municipal liability for the failure to train requires a plaintiff to identify a "pattern of similar constitutional violations by untrained employees" that "puts municipal decisionmakers on notice that a new program is necessary." *Johnson*, 975 F.3d at 403.  Therefore, a plaintiff must show that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling;  and (3) the

5

wrong choice by an employee will frequently cause deprivation of constitutional rights." *Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014). But where a plaintiff does not allege a pattern of violations, he may establish municipal liability through a single incident where "the need for more or different training [was] so obvious," *id.*, or where the risk of injury was a "highly predictable consequence" of the failure to train, *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 225 (3d Cir. 2014).

Here, Mr. Tucker has failed to state a *Monell* claim based on a specific policy or custom, a pattern of similar constitutional violations, or a single incident theory. Regarding a specific policy or custom, Mr. Tucker "must identify [the] custom or policy, and specify what exactly that custom or policy was." *Rajab v. Westmoreland Cnty.*, No. 22-774, 2023 WL 11968042, at *4 (W.D. Pa. Jan. 23, 2023) (Dodge, M.J.) (citing *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2019)). Here, Mr. Tucker has failed to identify such a custom or policy as his SAC only conclusorily states that the Department has "a custom or practice of tolerating or ratifying the use of excessive force by its officers." ECF No. 29 at 8. He provides no further details regarding what exactly that custom or policy was or how it led to his injury; instead, his SAC "contains formulaic recitations of the legal standards under *Monell* . . . and [is] predicated upon sweeping legal conclusions" which are insufficient to state a claim. *Baker v. City of Pittsburgh*, No. 24-461, 2025 WL 33637, at *10 (W.D. Pa. Jan. 6, 2025) (Stickman, J.).

Mr. Tucker has also not alleged a pattern of constitutional violations because the SAC is devoid of allegations regarding other individuals who suffered similar violations due to the alleged lack of training. *See generally* ECF No. 29 (discussing only the incident involving the alleged use of excessive force against Mr. Tucker). Furthermore, a "failure to train claim requires a plaintiff to identify specific training not provided that could reasonably be expected to prevent the injury

6

that occurred." *Weber v. Erie Cnty.*, No. 1:19-00124, 2020 WL 5983275, at *4 (W.D. Pa. Oct. 8, 2020) (Lanzillo, J.) (citing *Joines v. Twp. of Ridley*, 229 F. App'x 161, 163–64 (3d Cir. 2007)). Here, the SAC does not identify any specific training that the Department failed to provide; instead, the SAC merely makes vague and conclusory allegations. *See, e.g.*, ECF No. 29 at 7 ("The defendant lacked the required training."); 8 ("Failure to adequately train police officers . . . in the proper use of force, de-escalation techniques, and the protection of constitutional rights."). And such allegations are insufficient to state a claim under § 1983. *Young v. City of Chester*, 764 F. App'x 262, 265 (3d Cir. 2019) (explaining that when a complaint contains only conclusory allegations, it "fail[s] to satisfy the 'rigorous standards of culpability and causation' required for municipal liability.").

Mr. Tucker has also failed to adequately state a claim under a single incident theory because he has not alleged that the Department's failure to train caused his injuries. "[T]he identified deficiency in a [municipality]'s training program must be closely related to the ultimate injury; or in other words, the deficiency in training [must have] actually caused the constitutional violation." *Thomas*, 749 F.3d at 222 (internal citations omitted). Here, Mr. Tucker conclusorily states that "[t]he actions and inactions of [the Department] directly caused the violation of [his] constitutional rights." ECF No. 29 at 8. But merely restating the elements of a failure-to-train *Monell* claim is insufficient. *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) (Hardy, J.) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*."). And the SAC contains no other allegations connecting the alleged lack of training to Mr. Tucker's injuries. *See generally* ECF No. 29. Indeed, the SAC suggests that Officer Sedlak used excessive force not due to a lack of training, but because he was offended by Mr. Tucker's speech. ECF No. 29 at 7 ("The ultimate

failure or lack of training kept the defendant from de-escalation Protocols, instead the defendant escalated because he was offended by protected speech."). Therefore, Mr. Tucker has failed to allege that the Department's failure to train "actually caused" or is "closely related" to his injuries. *See Thomas*, 749 F.3d at 222.

Accordingly, because Mr. Tucker has failed to state a *Monell* claim, and because he has already been given leave to amend this claim, the Court will dismiss the *Monell* claim in Count II with prejudice.

### B. The Court Will Dismiss Mr. Tucker's Remaining Claims Except for the Excessive Force Claim.

Mr. Tucker has had two opportunities to amend the allegations in his original complaint. ECF Nos. 12, 27. In granting Mr. Tucker this latest opportunity to amend, the Court stated that it would be his "last." ECF No. 27 at 8. Furthermore, the Court only granted him leave to amend his *Monell* and excessive force claims and precluded him from "add[ing] any additional claims or attempt[ing] to re-assert other claims that the Court has previously dismissed." *Id.* Mr. Tucker, however, added four additional claims in his SAC, including claims for false arrest (Count III), malicious prosecution (Count IV), conspiracy (Count V), and retaliation (Count VI). ECF No. 29. While the Court had previously given Mr. Tucker leave to amend these claims in his first amended complaint, ECF No. 12, he declined to do so, ECF No. 13 (filing amended complaint without these claims). Therefore, because Mr. Tucker had a prior opportunity to amend these claims, and because the Court denied Mr. Tucker leave to add new claims to his SAC, he may not re-assert them now. And while Mr. Tucker argues that Federal Rule of Civil Procedure 15(c) allows him to add in these allegations, ECF Nos. 33, 36, Rule 15(c) only applies where defendants challenge the timeliness of an amendment, *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003) ("The relation back provision of Rule 15(c) aims to ameliorate the harsh result of the strict application of

8

the statute of limitations."). Defendants do not raise a timeliness challenge here, ECF No. 34 at 2, so Rule 15(c) is inapplicable.

Accordingly, the Court will dismiss with prejudice the false arrest, malicious prosecution, conspiracy, and retaliation claims in Counts III, IV, V, and VI.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Partial Motion to Dismiss, ECF No. 30, is GRANTED, and Mr. Tucker's *Monell* claim (Count II), false arrest claim (Count III), malicious prosecution claim (Count IV), conspiracy claim (Count V), and retaliation claim (Count VI) are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants shall file an answer to the excessive force claim (Count I) on or before **July 25, 2025**.

DATED this 11th day of July, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail):

Raya S. Tucker, EL
4636 Lebanon Pike
Hermitage, TN 37076
Pro Se Plaintiff